UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

UNITED STATES OF AMERICA,                                  Criminal No. 05-165  (RHK/AJB)

          Plaintiff,

v.                                               **REPORT AND RECOMMENDATION**

EDWARD MOORE,

          Defendant.


    Andrew S. Dunne, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

    George E. Rapaich, Esq., for the defendant, Edward Moore.


    This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on June 3, 2005, at the U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101.  The Court issued an Order on Motions dated June 6, 2005, reserving defendant Edward Moore's motions to suppress evidence for submission to the District Court on report and recommendation.

    Based upon the file and documents contained therein, along with testimony of witnesses and exhibits received at hearing, the Magistrate Judge makes the following:

**Findings**

    **February 26, 2004, Search and Statement.**  New Hope Police Officer Douglas Brunner went to a third-floor apartment in the City of New Hope on February 26, 2004, to investigate a report that defendant Edward Moore was selling crack cocaine and operating a prostitution operation at the location.  Prior to going to the apartment Officer Brunner conferred with the building manager

and learned that the apartment was not rented in the defendant's name, but rather, was in the name of a female who did not live there. Nonetheless, officers were aware that Mr. Moore had a practice of setting up and residing in apartments which were rented in the names of females with whom he had contact. The manager stated that there was a lot of visitor traffic to the apartment and that he suspected possible prostitution activity. In addition, the officer had previous experience and information relating to allegations of drug sales by the defendant and it was believed that Mr. Moore had a system for destroying or otherwise disposing of drugs if police were to come to the apartment. Consequently, a police officer was stationed to wait at street level under the apartment window while Officer Brunner and two other officers, all wearing plain clothes, went to the apartment door. The officers knocked and announced their presence. They waited approximately 20 seconds before the door was opened by a woman. During that time they heard some activity taking place inside the apartment, including the sound of moving window blinds. Officer Brunner was promptly advised that a package that appeared to be crack cocaine had been thrown out the window. Meanwhile, the defendant was observed coming from a back bedroom. Officer Brunner asked the woman at the door, Ms. Gardner, if the apartment resident was present and if he could come inside. The woman stated that no residents were at the apartment and she stepped aside to invite entry by the officers. Once inside the officers continued to speak with the observed occupants, without mentioning their awareness that a package had been thrown from the window. Soon, however, a third individual emerged in the apartment and officers therefore decided to conduct a safety sweep of the unit. No additional persons were found in the apartment and no search for evidence was conducted. The officers then told the occupants about the package that had been thrown from a window, but they all denied responsibility. At that time the

defendant indicated that he wanted to speak with officers in the kitchen.  Mr. Moore was given the Miranda rights advisory and stated that he understood his rights and that he would agree to speak with the officers.  The defendant was not placed in handcuffs and no threats or promises were made to induce cooperation.  He was coherent; he did not appear to be under the influence of drugs or alcohol; and he was responsive to questions.  Furthermore, the Mr. Moore did not request the assistance of an attorney and he did not refuse to answer any questions.  The discussion lasted approximately two to three minutes and was not tape recorded.  During that time the defendant admitted that he had thrown crack cocaine out the window.  Defendant Moore was arrested at the scene.

**March 11, 2004, Search Warrant.**  On March 11, 2004, Hennepin County District Court Judge Tony N. Leung issued a warrant to search a particularly described apartment residence located in New Hope, Minnesota, including any lockers/storage areas assigned to that address.  (Hearing Exh. No. 1).  The apartment is further identified in the supporting affidavit as the residence of a girlfriend of defendant Edward Moore and a location at which the defendant had been observed in possession of crack cocaine.  The search warrant identified the objects of the warrant as controlled substances, including cocaine and cocaine derivatives; documents indicating residency; money and financial materials relating to drug distribution; records and documents evidencing use of a separate storage facility; items relating to the use and manufacturing of methamphetamine; and photos and other records and equipment associated with the use, distribution and manufacture of controlled substances.  The warrant was issued on the basis of probable cause contained in the affidavit of City of New Hope Officer Douglas Brunner, including confidential informant and surveillance information, as well as information obtained through previous investigations.  The warrant further contained express

authorization for a no-knock entry based upon a specific request and reasons asserted in the application, specifically, the likelihood that evidence would be destroyed if the defendant had advance warning of police presence.

Prior to execution of the warrant, a woman, Ms. Gardner, was observed coming from the apartment building and leaving in her vehicle. Officers were already aware that Ms. Gardner did not have a valid drivers license and she was promptly stopped. At that time the woman gave the officers a key to apartment to be searched. The officers went to the apartment and used the key to enter without knocking or announcing their presence. As the door was opened the defendant was seen first coming towards the door, but then turning to go towards the back of the apartment while the officers were entering. Defendant was followed and apprehended in a back bedroom. Another person was also found in the apartment. The subsequent search led to the discovery of a total one-half ounce quantity of crack cocaine, packaged in smaller units for individual sales. Officers also found a weighing scale and identification and personal items belonging to the defendant.

**March 30, 2005, Search Warrant.** On March 30, 2005, Hennepin County District Court Judge Gabriel D. Giancola issued a warrant to search a particularly described hotel room located in Brooklyn Center, Minnesota, along with the person of defendant Edward Moore, and a particularly described Chevrolet automobile bearing an Iowa license number. (Hearing Exh. No. 2). The hotel room and vehicle are further identified in the supporting affidavit as a room and vehicle presently being used by defendant Edward Moore. The search warrant identified the objects of the warrant as controlled substances, including cocaine; drug packaging equipment and supplies; documents and communications equipment showing drug distribution activities, and materials showing constructive

4

possession of drugs and related items  The warrant was issued on the basis of probable cause evidence contained in the affidavit of Brooklyn Center Police Officer Terry Olson, including informant and surveillance information, along with concerned citizen reports and criminal history information.

The warrant further contained express authorization for a nighttime execution based upon a specific request and reasons asserted in the application, although the warrant was in fact executed at 1:15 p.m. on March 30, 2005, and the nighttime authorization was therefore not implicated in the search.  Officers initially served and executed the search warrant on the defendant when he was observed at a location outside the hotel room.  A search of the defendant's person resulted in seizure of crack cocaine, powder cocaine, $5800 in currency, and a card key to the room for which a search was authorized.  Mr. Moore did not resist the search.  Officers used the seized card key to enter the hotel room and discovered a woman occupying the premises.  A scale with a white powder residue and a crack pipe were found in a search of the room.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

**February 26, 2004.**  Suppression of physical evidence obtained by officers in connection with an investigation and surveillance outside an apartment building in which defendant Edward Moore was present on February 26, 2004, is not required.  Crack cocaine which was recovered by an officer after the drugs had been thrown from an apartment window were voluntarily abandoned and any expectation of privacy that the defendant may have had with respect to the property was forfeited.  United States v. Segars, 31 F.3d 655, 658 (8th Cir. 1994)(citing United States v. Jones, 707 F.2d 1169, 1172 (10th Cir. 1983)).  The abandonment occurred prior to police entry

into the apartment in which the defendant was present and was not a result of actual or allegedly unlawful police conduct arising out of the subsequent entry. Id. (citing United States v. Koessel, 706 F.2d 271, 274 (8th Cir. 1983)).

With regard to entry, the defendant has standing to assert an expectation of privacy in the premises and to object to officer's entry, based upon his residence status which was known to officers. Minnesota v. Olson, 495 U.S. 91, 110 S.Ct. 1684 (1990). Nevertheless, Mr. Moore's did not expressly state or otherwise indicate that officers could not come into the apartment, though he was aware of their presence at the door before they had entered. Voluntary consent can be inferred from words, gestures and conduct, including a general demeanor that suggests consent. United States v. Gleason, 25 F.3d 605, 607 (1994). Under circumstances in this case which included implied consent to entry by both the defendant and the female occupant who opened the door, there was voluntary consent to entry. The subsequent appearance of a third person in the apartment, considered in light of the efforts to dispose of drugs, justified the protective safety sweep of the apartment, though the sweep has no direct implications in the matter because no evidence was seized.

Suppression of statements made by defendant Edward Moore to New Hope Police Officer Douglas Brunner at an apartment residence on February 26, 2004, is not required. Defendant's statements were made knowingly, intelligently, and voluntarily. Furthermore, defendant was properly advised of his rights under Miranda. No threats or promises were made to induce defendant's cooperation and there was no request for the assistance of an attorney. Though defendant was in custody, he was not subjected to coercion and his statements were not the fruit of an unlawful arrest or unlawful entry on the premises. In light of the totality of circumstances the defendant will was

not overborne as a result of pressures exerted by officers and the statements were in fact voluntarily made.  United States v. Robinson, 20 F.3d 320, 322-23 (8th Cir. 1994).  There is no basis for suppression of defendant's statements.

**March 11, 2004, Search Warrant.**  Evidence seized pursuant to a warrant to search the particularly described apartment residence located in New Hope, Minnesota, including any lockers/storage areas assigned to that address (Hearing Exh. No. 1), was not unlawfully obtained in violation of the constitutional rights of defendant Edward Moore.  The residence search warrant was issued on March 11, 2004, and was based upon sufficient probable cause as stated in the Affidavit of Officer Douglas Brunner and as determined by Hennepin County District Court Judge Tony N. Leung.  The warrant properly and sufficiently identified the location of the search and the items to be seized.  Furthermore, the state court issued search warrant contained authorization for a no-knock warrant based upon the reasonable suspicion that evidence would be destroyed if advance warning of entry was provided, as articulated in the warrant application, and the exigent circumstances which formed the basis for reasonable suspicion as stated in the warrant application continued to exist when the warrant was actually executed.  See Doran v. Eckold, __ F.3d. __ (8th Cir. 2005)(*en banc* decision issued June 6, 2005, therein discussing exigent circumstances justifying no-knock entry when executing a search warrant).[1]  The search warrant in this matter was lawfully issued and executed and there is no requirement for suppression of evidence seized pursuant to the warrant.

**March 30, 2005, Search Warrant.**  Evidence seized pursuant to a warrant to search a particularly described hotel room located in Brooklyn Center, Minnesota, along with the person of

---

[1] Internet cite:  www.ca8.uscourts.gov/opndir/05/06/031810P.pdf

defendant Edward Moore, and a particularly described Chevrolet automobile bearing an Iowa license number (Hearing Exh. No. 2), was not unlawfully obtained in violation of the constitutional rights of defendant Edward Moore.  The residence search warrant was issued on March 30, 2005, and was based upon sufficient probable cause as stated in the Affidavit of Officer Terry Olson and as determined by Hennepin County District Court Judge Gabriel D. Giancola.  Specifically, evidence provided by a cooperating individual who stated that drugs had been purchased from the defendant at that location within the past several days was sufficient to establish probable cause when considered in light of a totality of circumstances which indicated an evidentiary connection between the defendant, the hotel room, and the vehicle, where separate citizen informants had provided generalized but consistent descriptions of defendant's use of the subject vehicle to deliver drugs.  In any event, the warrant was executed with a good faith belief that the warrant was valid and that the search was lawful.  United States v. Leon, 468 U.S. 896, 104 S.Ct. 3405 (1984).  There is no evidence or allegation that the warrant was issued on the basis of false or misleading statements by the affiant; there is no evidence or allegation that the issuing judge wholly abandoned his judicial role; the affidavit is not unreasonably devoid of probable cause indicia; and the warrant is not so facially deficient that its validity could not be reasonably presumed.  United States v. Marion, 238 F.3d 965, 969 (8th Cir. 2001).  Furthermore, the warrant properly and sufficiently identified the location of the search and the items to be seized.  The authorization for nighttime entry was lawfully based upon a proper finding that such a search might be necessary to prevent the loss, destruction, or removal of objects of the search, but the authorization is of no legal consequence in this instance.  The search warrant in this matter was lawfully issued and executed and there is no requirement for suppression of evidence seized pursuant to the warrant.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant Edward Moore's Motion to Suppress Evidence Obtained as a Result of Search and Seizure be **denied** [Docket No. 9]; and

2. Defendant Moore's Motion to Suppress Statements, Admissions, and Answers be **denied** [Docket No. 10].


Dated:   June 17, 2005


      s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge


Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before June 30, 2005.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.